STATE EX REL. PETERS, Appellant, vs. SLEEMAN and others, Respondents.

*October 12—November 9, 1938.*

*L. R. McPherson* of Superior, for the appellant.

For the respondents there was a brief by *Maynard Berglund,* corporation counsel of the city of Superior, and *Claude F. Cooper,* assistant corporation counsel, and oral argument by *Mr. Berglund.*

ROSENBERRY, C. J.   It is clear that the plaintiff has no right upon which he can base a demand that he be returned to his employment unless his tenure was in effect in July or August, 1937, when he made a demand that he be assigned to work in the schools.   The plaintiff testified that he was familiar with and understood the rules of the board of education.   These rules provide in express terms that a leave of absence shall not be given for more than one year.   The plaintiff knew that the leave given him at the beginning of school July 1935–1936 expired in 1936 and he requested no leave for the year 1936–1937.

It is considered therefore that there is no basis for the plaintiff's claim that the relationship continued to August 7, 1937, when he demanded that he be restored to his position. The plaintiff claims that the reason that he did not secure a leave of absence for the year 1936–1937 was that at the time Mr. Davies, the superintendent, was critically ill.   Being familiar with the rules of the board of education, plaintiff must be presumed to know that Mr. Davies had no power to grant leaves of absence, and while he had made his former applications to the board through Mr. Davies, he must have known there was nothing to prevent him from making like application through the secretary, the president, or any other member of the board of education who would bring it before the board.   The plaintiff having allowed his contractual relationship with the school board to lapse by his failure to secure a leave of absence, the trial court correctly held that the writ of *mandamus* should not issue.   The plaintiff secured no rights under the tenure act of 1937 (ch. 374, Laws of 1937) because at the time that act went into effect he was not a teacher in the schools of the city of Superior.

*By the Court.*—Judgment affirmed.